USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/3/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOE ROJAS, et al.,

                  **Plaintiffs,**

- against -

EAST-LEX DINER, LTD., et al.,

                  **Defendants.**

**OPINION AND ORDER**

15-CV-6195 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

On May 20, 2016, Plaintiffs filed a letter requesting approval of the settlement reached in this Fair Labor Standards Act ("FLSA") case, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Doc. No. 51.) The proposed settlement provides that Defendants will pay a lump sum of $40,000 to Plaintiffs. (Doc. No. 51 at Ex. A.) Plaintiffs' memorandum explains that $16,000 of the amount will be allocated to attorneys' fees, pursuant to their agreement that counsel may receive the greater of forty percent of the full settlement amount or their lodestar, and $2,240 will be allocated as costs and expenses. (Id. at 3.) The remaining $21,760 would be allocated among the three Plaintiffs, proportionate to their respective damages. (Id. at 1-2.) The Court, however, finds that the documents accompanying the proposed settlement do not provide a sufficient basis for the Court to determine whether it is fair and reasonable. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). For the reasons that follow, Plaintiffs' request for approval of the settlement is **DENIED** without prejudice.

First, Plaintiffs' submission fails to articulate the full range of possible recovery if they were to succeed on the merits of their claims. *Id.* (listing "Plaintiff's range of possible recovery" as one of several factors courts must consider when examining the fairness of a FLSA

settlement). The memorandum calculates each Plaintiff's back wages, which collectively total $18,886.08, by measuring "the difference between $2.13 [the amount Plaintiffs should have been paid after the employer deducted the tip credit] and the paid hourly rates of $2.00 for all regular hours." (Doc. No. 51 at 2.) They calculate back wages overtime hours using $5.76, the amount that Plaintiffs should have been paid after deducting the tip credit. (*Id.*) Thus, Plaintiffs contend, the settlement amount of $21,760 fully compensates them "for their backwages [sic] owed for their FLSA claims, plus an additional payment each for their NYLL claims." (*Id.*)

Their calculation, however, assumes that Defendants were entitled to deduct a tip credit from Plaintiffs' wages. Plaintiffs' Complaint alleges that, under FLSA and NYLL, Defendants were not entitled to do so because they failed to provide legally sufficient notice of the tip credit and because Plaintiffs spent more than twenty percent of their time engaging in non-tipped work. (Doc. No. 1 at ¶ 28.) If they were successful in proving these elements of their claims, Plaintiffs would be entitled to the difference between $2 per hour and the full minimum wage, plus overtime premiums, for the hours worked for Defendants. 29 U.S.C. § 203(m); *see also Khereed v. West 12th St. Rest. Grp. LLC*, 15-CV-1363 (PKC), 2016 U.S. Dist. LEXIS 16893, *5 (S.D.N.Y. Feb. 11, 2016). As the New York State minimum wage was between $7.25 and $8.00 per hour during their period of employment,[1] back-wages at these rates would represent a significantly higher recovery. Plaintiffs also fail to address the damages available to them for the New York Labor Law ("NYLL") spread-of-hours violations and the wage notice violations included in their Complaint, as well as the full scope of liquidated damages available under either FLSA or NYLL. (Doc. No. 1 at 13.)

---

[1] *See History of the Hourly Minimum Wage*, N.Y. DEP'T OF LABOR, https://www.labor.ny.gov/stats/minimum_wage.asp (last visited June 3, 2016).

Plaintiffs have further failed to provide the Court with sufficient information to examine the "the seriousness of the litigation risks faced by the parties." *Wolinsky*, 900 F. Supp. 2d at 335. Plaintiffs' memorandum includes the assertion that "[t]here is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants." (Doc. No. 51 at 2.) They also indicate, without specificity, that Defendants have a "strong argument regarding good faith," which, if successful, would preclude the recovery of liquidated damages. (*Id.*) The Court is unable to assess the reasonableness of settlement in this case based on these generic assertions, which apply to every lawsuit brought under the FLSA.

Finally, Plaintiffs have not demonstrated that risk of being unable to collect a larger judgment from Defendants forms a basis for significant compromise on their claims. In *Cheeks*, the Second Circuit has noted that while "'vast majority of FLSA cases' before [the Court] 'are simply too small, and the employer's finances too marginal,' for proceeding with litigation to make financial sense if the district court rejects the proposed settlement," these burdens must be balanced against the overall remedial purpose of FLSA: "to prevent abuses by unscrupulous employers." *Cheeks*, 796 F.3d at 206-7 (citing *Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp. 2d 368, 377 (E.D.N.Y. 2013)). Plaintiffs claim that, while the Parties' mediation session was in progress, "Plaintiffs' counsel had someone visit Defendants' business ... to inspect. The business was, in fact, a small diner, which was mostly empty and did not seem to be generating significant sales." (Doc. No. 51 at 2.) This unsworn statement, sparse on details, does not give the Court sufficient insight into Defendants' financial resources to determine whether this should bear on the fairness of the settlement.

The Court also notes that Plaintiffs' counsel seeks forty percent of the total settlement in fees, which he contends represents approximately seventy-seven percent of his actual total lodestar. (Doc. No. 51 at 3.) It is necessary for the Court to know the full potential recovery of the Plaintiffs to evaluate the reasonableness of all compromises presented for approval.

Accordingly, Plaintiffs' request for approval of the proposed settlement is **DENIED**. The Parties may refile the settlement and memorandum, curing the defects described above, by **July 5, 2016**. Failure to do so will result in the Court setting pretrial deadlines for this action.

**SO ORDERED this 3rd day of June 2016**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge