UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOE ROJAS, et al.,

                        Plaintiffs,

        - against -

EAST-LEX DINER, LTD., et al.,

                        Defendants.

**MEMORANDUM OPINION AND ORDER**

15-CV-6195 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

On June 3, 2016, the Court denied the Parties' first request for approval of the settlement reached in this Fair Labor Standards Act ("FLSA") case. (Doc. No. 52.) The Court was unable to evaluate the fairness of the settlement because Plaintiffs' submission failed to (1) articulate the full range of possible recovery if they were to succeed on the merits of their claims; (2) provide sufficient information regarding the litigation risks faced by the Parties; and (3) adequately demonstrate that the risk of not being able to collect a larger judgment from Defendants formed a basis for significant compromise on their claims. (*Id.*, citing generally *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir.)). On July 5, 2016, Plaintiffs filed a supplemental submission in response to these deficiencies. (Doc. No. 54.) For the reasons that follow, Plaintiffs' request for approval of the settlement is again **DENIED**.

Plaintiffs' supplemental submission indicates that if Defendants were not entitled to take a tip credit, as Plaintiffs' Complaint alleges, their combined back wages would total $120,946.20, exclusive of liquidated and statutory damages. (Doc. No. 54 at 1.) Their recovery under the proposed settlement would be $21,760, just under eighteen percent of their total back wages. Plaintiffs suggest that the litigation risks they would face at trial and the potential that

Defendants would not be able to withstand a greater judgment justify this significant compromise on their claims.

The ability of defendants to withstand a greater judgment is one of several factors that courts in this Circuit weigh to determine the fairness of proposed settlements. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (listing nine factors to determine substantive fairness of proposed class action settlements), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). Plaintiff counsel's memorandum explains that "The Defendants have continuously stated that if they had to pay more money in a settlement, they would be forced to close down their business," and it would be more difficult for Plaintiffs to collect on a judgment. (Doc. No. 54 at 3.) In support of the contention, Plaintiffs submit a declaration from Taimur Alamgir ("Alamgir"), an associate of Plaintiffs' law firm, Lee Litigation Group, PLLC. (Doc. No. 54, Ex. B.) Alamgir visited Defendants' Midtown Restaurant, "to assess the truth of Defendants' contentions" that "they did not have the funds to pay a higher settlement amount." (Doc. No. 54 at 2.) In the declaration, Alamgir alleges that while the parties were engaged in a mediation session on February 29, 2016,

> I visited the business at around 3 o'clock. Midtown Diner [sic] is a small restaurant. There were approximately fifteen to twenty tables of which only two were occupied. [] I remained in the restaurant for approximately fifteen minutes, and did not see any new customers arrive. [] The restaurant did not seem to have a high flow of customers nor did it seem to generate a significant number of sales.

(*Id.*, Ex. B.)

The Court finds this to be an inadequate showing of Defendants' inability to withstand a higher judgment. In order to evaluate whether the settlement represents a "fair and reasonable" resolution of this dispute, *see Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y.

2012), the Court requires more direct and specific evidence of Defendants' financial circumstances.

Accordingly, the Parties' request to approve the proposed settlement is **DENIED**. The Parties may refile the settlement and memorandum, curing the defects described above, by **August 12, 2016**. Failure to do so will result in the Court setting pretrial deadlines in this action.

**SO ORDERED this 12th day of July 2016**
**New York, New York**

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge